UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BBK TOBACCO & FOODS,
LLP, a/k/a HBI INTERNATIONAL,

       Plaintiff,                            No. 20-10025

v.                                      District Judge Stephanie Dawkins Davis
                                          Magistrate Judge R. Steven Whalen

WISH SELLER GOOSHELLY,
ET AL.,

       Defendants.
                                        /

**OPINION AND ORDER**

On January 6, 2020, Plaintiff BBK Tobacco & Foods, LLP, a/k/a HBI International ("BBK") filed a civil complaint against 41 Defendants, alleging trademark infringement, 15 U.S.C. § 1114; false designation of origin and trademark/trade dress infringement, 15 U.S.C. § 1125(a); a Michigan statutory claim of unfair competition, M.C.L. § 445.903; and violation of Michigan Common Law unfair competition. In short, Plaintiffs allege the sale of counterfeit products, specifically its cigarette rolling papers.

According to the complaint, the alleged counterfeit products are sold through an online marketplace known as Wish.com. BBK made a number of controlled purchases of the allegedly counterfeit products through Wish.com. BBK has determined that the Defendants are predominately located in China. Before the Court is BBK's motion for alternative service [ECF No. 16], in which it seeks leave to serve the Chinese Defendants through their email accounts. For the reasons discussed below, the motion will be GRANTED.

## I.  FACTS

BBK learned through controlled online purchases through Wish.com that the Defendants were selling counterfeit copies of their rolling papers. However, BBK "was unable to identify the Defendants' true identities, whereabouts, and other identifying information." ECF No. 16, PageID.2145. On January 17, 2020, the Court granted BBK expedited discovery from third party providers, directed at the names, email addresses, and physical addresses of the Defendants. ECF No. 14.[1]

Among the information that BBK received in discovery were incomplete physical addresses, and addresses that did not trace back to actual residential or business locations. The purported physical addresses that BBK had for the Defendants were unrelated to any activity of the Defendants. They included companies that manufacture solar panels and computer and video game accessories. However, BBK also served a third-party subpoena on ContextLogic, Inc., which owns Wish.com, and received email addresses of Defendants who had Wish.com accounts. ContextLogic, Inc. receives the payments for products purchased on Wish.com, and disburses the funds to Defendants. This process enables the Defendants to conceal personal identifying information. BBK states, "To date, HBI [BBK] believes the only valid contact information for service of process in its possession concerning the Defendants and their Wish.com accounts are email addresses obtained via third-party subpoena from ContextLogic, Inc. (owner of Wish.com)." ECF No. 16, PageID.

Appended to BBK's motion are the email addresses that are associated with the Defendants that are located in China. BBK seeks leave to serve process via those email

---

[1] BBK requested, and the Court granted, "authorization to obtain purchase and sales information directly from third-parties like Wish." ECF No. 14, PageID.2053.

addresses.

## II. DISCUSSION

These Defendants are located in China. Fed.R.Civ.P. 4(f) provides the method of service for defendants in foreign countries, and delineates three means: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"; (2) where there is no agreement as to means or where an agreement allows unspecified other means, "by a method that is reasonably calculated to give notice" including "as the foreign authority directs in response to a letter rogatory or letter of request"; or (3) "by other means not prohibited by international agreement, as the court orders."

First, service under the Hague Convention is not possible because the true addresses of the Defendants are unknown. *See Liberty Media Holdings, LLC v. Marione*, 2010 WL 11545316, at *3 (E.D. Mich. Apr. 15, 2010)("The Court concludes that addresses for defendants...are unknown and that the Hague Convention should not apply to service of process on these defendants"), citing *Chanel, Inc. v. Zhibing*, 2010 WL 1009981 (W.D. Tenn. 2010);[2] *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018)(same, noting, "Here, defendants have operated in such a way as to stymie any effort to determine their true addresses."). Moreover, Rule 4(f) "does not

---

[2] In *Zhibing* the Court stated:

"Article 1 of the [Hague] Convention provides, 'This Convention shall not apply where the address of the person to be served with the document is not known.' Hague Service Convention, art. 1. Chanel has attempted to verify Defendant's addresses and has determined that each is fraudulent. Because the address of Defendant is not known, the Hague Service Convention does not apply to the present suit."

require a party to serve process by the means specified in subsections 4(f)(1) and (f)(2) before a court permits alternative service by 'other means' under Rule 4(f)(3)." *Elsevier*, 287 F.Supp.3d at 377, quoting *Advanced Aerofoil Techs., AG v. Todaro*, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) ("there is no hierarchy among the subsections in Rule 4(f)").

"A district court is afforded 'wide discretion' to order service under Rule 4(f)(3) in order to enable the court to fit the manner of service to the facts and circumstances of a particular case." *U.S. Commodity Futures Trading Comm'n v. Majestic Enters. Collision Repair, Inc.*, 2011 WL 767890, at *3 (N.D. Ohio Feb. 28, 2011). The requirements are that the mode of service not be prohibited by international agreement, *see* Rule 4(f)(3), and that it comports with due process, i.e, that it is reasonably calculated to give notice to the defendant. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)(service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Numerous courts have held that email service on defendants that do business online, and are connected to email addresses, is consistent with due process and is permissible under Rule 4(f)(3). *See Elsevier, Inc.*, 287 F. Supp. 3d at 379 (finding service through email appropriate where defendants regularly communicated with customers through an email address associated with their e-Bay and PayPal accounts and plaintiffs offered to use an email tracking service to "allow maximum information regarding the effectiveness of service"); *Zhibing*, 2010 WL 1009981, at *4 (email service appropriate where, as in the present case, "[a]lthough every physical address listed by Defendant proved to be fraudulent upon investigation, every e-mail account listed was active"); *Liberty Media Holdings,* 2010 WL 11545316, at *3 (citing cases).

In this case, BBK has established that through its investigation and discovery, the Defendants' purported physical addresses in China are "false, incomplete, and invalid for service of process." ECF No. 16. BBK has also established that the Defendants' email addresses associated from their Wish.com accounts, obtained from ContextLogic, Inc., are the avenue through which Wish.com and ContextLogic, Inc. communicate and transact business with the Defendants. Service of process through those email addresses is reasonably calculated to give effective notice.

Therefore, the Court will permit alternative service through the emails set forth in the appendix to BBK's motion, with the proviso that the service emails be sent with a read-receipt or third-party confirmation of receipt, as the Court ordered in *Liberty Media Holdings*:

> "[B]ecause Federal Rule of Civil Procedure 4(l)(2) requires the plaintiff to offer proof of service completed abroad, the Court will require the plaintiff to send the service e-mails with a read-receipt or an e-mail-service company that can confirm receipt of the e-mail by the e-mail addressee." *Id*. at *4 (citing *Williams v. Adver. Sex LLC*, 231 F.R.D. 483, 487-88 (N.D. W. Va. 2005) ((permitting e-mail service based on the plaintiff's proposal to use the Proof of Service-electronic website, "which offers encrypted on-line delivery of documents and returns a digitally signed proof of delivery once the document has been received by the target e-mail, thus enhancing the reliability of electronic service.").

### III. CONCLUSION

For the reasons and under the terms discussed above, BBK's motion for alternative service [ECF No. 16] is GRANTED.

IT IS SO ORDERED.

                                            s/R. Steven Whalen
                                            R. STEVEN WHALEN
                                            United States Magistrate Judge

Dated: May 11, 2020

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on May 11, 2020 electronically and/or by U.S. mail.

<u>s/Carolyn M. Ciesla</u>
Case Manager
