UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BBK TOBACCO & FOODS LLP,
D.B.A. HBI INTERNATIONAL,

    Plaintiff,

v.

WISH SELLER GOOSHELLY, et al.,

    Defendants.
_____/

Case No. 20-10025

Stephanie Dawkins Davis
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT AND RELATED RELIEF (ECF No. 80)**

**I.    INTRODUCTION**

Pending before this court is Plaintiff BBK Tobacco & Foods, LLP, D.B.A. HBI International's ("HBI") Motion for Default Judgment and for Related Relief, which includes a request for a permanent injunction against the non-responding Defendants under Federal Rule 65 and the Lanham Act, 15 U.S.C. § 1116.  (ECF No. 80).  On January 6, 2020, HBI filed this anti-counterfeiting action against Defendants who HBI alleges make, buy, sell, or distribute counterfeit RAW® brand rolling paper products.  On June 2, 2021, HBI filed the motion at issue.  For the following reasons, the court will **GRANT** HBI's motion.

1

II.     **FACTUAL BACKGROUND**

HBI is the exclusive U.S. distributor of all RAW® Rolling Papers, accessories and apparel, and owns the registered and common-law trademarks and trade dress that appear on all authentic RAW® Rolling Papers in the United States. (ECF No. 1, PageID.3, ¶ 2-3). HBI filed this action against Defendants, who are merchants on the Wish.com online marketplace platform, alleging they are selling counterfeit RAW® brand rolling paper products as well as counterfeit RAW-branded apparel and accessories. (ECF No. 1, PageID.3, ¶ 5). HBI's complaint alleges that Defendants are knowingly, intentionally, and willfully trading in counterfeit goods, and that Defendants have harmed, and will continue to harm, HBI unless enjoined from further doing so. (¶¶ 166-178). In its complaint, HBI brought claims of: trademark infringement, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114); false designation of origin, unfair competition, and trademark and trade dress infringement, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); unfair competition under MCL § 445.903; and, unfair competition under Michigan common law. (ECF No. 1, PageID.4, ¶ 12).

On April 10, 2020, Plaintiff filed a Motion for Alternate Service Via Email (ECF No. 16), which Magistrate Judge R. Steven Whalen granted on May 11, 2020 (ECF No. 18). HBI then effectuated service on Defendants on May 12 and May 13 (ECF No. 19). Only one defendant responded, and HBI stipulated to the voluntary

dismissal of that defendant from this action (ECF No. 27).

On December 22, 2020, HBI filed a request for a clerk's entry of default as to the non-responding Defendants (ECF No. 29), which the clerk's office entered as to 35 non-responding Defendants (*see* ECF Nos. 32-72), including: Long Zhu; ANNY; Wish SellerBlueskywhitecloud; Wish Seller Dramyyeard; Cheng Jeng; Wish Seller Aygxyyouth0108; Wish Seller Czyouth0201; Wish Seller Dhyyouth0116; Wish Seller Czyouth0222; Cheng Jing Ikai 00098; Wish Seller Canapeloo; Chenjianying1; Eric Jiang; Wish Seller LuohuanQiao; Wish Seller Stfmuk72; Fei Jun; Wish Seller Baodanfu; Wish Seller Jakwang; Feng Jian Beng; Wish Seller 2016 Christmas Store; Wish Seller Aygxyyouth0106; Wish Seller GSLS; Wish Seller Chenyuqing; Wish Seller Lancy Cui; Wish Seller Wangqianqia; Qiancheng; Wish Seller Dengweini1213@163.com; Tokik Post; Wish Seller 000ooo000; ZhouguoQing; Wish Seller Czyouth0212; Wish Seller Dhyyouth0124; Wish Seller Dhyyouth0101; Wish Seller Ysfdgfewlove; and Wish Seller Zfyyouth0104.

The clerk issued Notices of Denial as to five Defendants (ECF No. 57, 60, 63, 68, 70) because it found that service was not completed. These Defendants include: Wish Seller Gooshelly; Wish Seller Flying You Heart; Wish Seller Yuncheng County Honsheng Landscaping Co., Ltd.; Wish Seller ZhechengxianhongshengyuanlinlvhuayouxiangongsI; and Wish Seller Liyuntong.

3

On January 19, 2021, HBI filed a request for re-consideration as to these five defendants (ECF No. 75). Before the court considered that request, HBI filed its Motion for Default Judgment as to the 35 non-responding defendants for whom the Clerk's office had issued entries of default (ECF No. 80). On November 16, the court granted HBI's request for reconsideration (ECF No. 83), and on November 16, 2021, the Clerk's office issued entries of default as to the five remaining defendants (ECF Nos. 84-88). HBI has not yet filed a new motion for default judgment, or amended its existing motion, as to those five defendants. Therefore, the court cannot consider them as part of the present motion and will grant HBI leave to file a motion as to those five defendants.

### III. LEGAL STANDARD

Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages. *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). Thus, the plaintiff is required to provide proof of all damages sought in the complaint. *See John E. Green Plumbing and Heating Co., Inc. v. Turner Constr. Co.*, 742 F.2d 965, 968 (6th Cir. 1984) ("We recognize that the law 'does not require

impossibilities' when it comes to proof of damages, but it does require whatever 'degree of certainty tha[t] the nature of the case admits.'") (internal citations omitted). When damages are for a sum uncertain, the moving party must apply to the court for an entry of default judgment. If the court deems it necessary, Rule 55(b)(2) permits the court to conduct a hearing in order to "determine the amount of damages" so it may effectuate a judgment. Fed. R. Civ. P. 55(b)(2).

IV. DISCUSSION

A default has been entered in this case and all HBI's well-pleaded allegations are deemed admitted by Defendants. *Ford Motor Co. v. Cross*, 441 F.Supp.2d. 837, 846 (E.D. Mich. 2006). After reviewing the complaint, the court finds all of HBI's claims to be well pleaded, that HBI has established the elements of all its claims with uncontested fact, and that HBI is therefore entitled to default judgment on all counts. What remains at issue is whether HBI has proven the amount of damages it has requested. The court finds that HBI has met its burden.

A. Statutory Damages

HBI admits that, because the Defendants did not appear in this action, HBI has no evidence to establish actual damages in terms of Defendants' illicit profits and HBI's lost profits. (ECF No. 80, PageID.2421). Instead, HBI seeks statutory damages pursuant to the Lanham Act, which provides that a plaintiff "may elect … to recover, instead of actual damages and … an award of statutory damages …" 15

U.S.C. § 1117(c); *see Microsoft Corp. v. Compusource Dist. Inc.*, 115 F. Supp. 2d 800, 811 (E.D. Mich. 2000) (awarding plaintiff $50,000 in statutory damages for each of eight counterfeited marks). Per the statute, a plaintiff is entitled to "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). Where the use of a counterfeit mark was willful, a plaintiff is entitled to "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). Courts have wide discretion in awarding statutory damages, and may consider factors such as the efficacy of the damages as a deterrent to future copyright infringement. *Microsoft Corp.*, 115 F. Supp. 2d at 811; *BBK Tobacco & Foods, LLP* v. *AAA Traders Inc.*, et al., 2:19-cv-11973-AJT-RSW (E.D. Mich. July 23, 2020 (internal citation omitted).

      HBI contends that it is entitled to statutory damages of $2,500 per registered mark, multiplied by four counterfeit marks on each counterfeit RAW® packaging, for a total damages award of $10,000 per non-responding Defendant. HBI asserts that this amount is reasonable and justified, and would serve as a deterrent to other potential infringers. This request is in line with similar statutory damage awards that rolling paper manufacturer plaintiffs, including HBI, have received in factually analogous cases involving both registered trademarks and common-law trade

dress. *See, e.g.*, *BBK Tobacco & Foods, LLP* v. *AAA Traders Inc.*, et al., 2:19-cv-11973-AJT-RSW (E.D. Mich. July 23, 2020) (awarding HBI statutory damages in the amount of $250,000 per defendant group); *see also North Atl. Oper. Co. Inc., et al. v. JingJing Huang, et al.*, Case No. 15-14013-TGB (E.D. Mich. May 9, 2017) (awarding cigarette rolling paper plaintiff statutory damages of $25,000 per mark). Therefore, given the evidence presented in HBI's complaint, associated declarations, and the present motion, the requested damage amount constitutes a just award in this matter.

### B. Attorney Fees

HBI also moves for an award of reasonable attorneys' fees, costs, and investigative fees under the Lanham Act, which permits a court to issue such an award. *Microsoft Corp.*, 115 F. Supp. 2d at 812. At present, HBI has not provided any briefing as to these fees. Instead, HBI requests that the court enter default judgment and allow HBI to seek legal fees and costs at the conclusion of the case, in an amount to be determined via affidavit of HBI's counsel, pursuant to the Lanham Act (15 U.S.C. § 1117). The court will permit HBI to recovery appropriate fees. *See Coach, Inc. v. Chouman's Ass'n,* No. 11-cv-15665, 2012 U.S. Dist. LEXIS 181896, at *7-9 (E.D. Mich. Dec. 26, 2012) (permitting the same).

### V. CONCLUSION

For the reasons discussed herein, the court **GRANTS** HBI's Motion for Default Judgement and Related Relief. HBI is entitled to its proposed statutory damages of $10,000 per non-responding Defendant listed in Section II, above, and to its reasonable attorneys' fees, costs, and investigative fees, in an amount to be determined via affidavit from HBI's counsel. The court **GRANTS** HBI's proposed related relief, in the form of a permanent injunction, as described below in Section VI. The court **GRANTS** Plaintiff's request to continue alternate service per the court's May 11, 2020 order (ECF No. 18). The court **ORDERS** HBI to serve a copy of this order and associated Judgment on Defendants by email within seven days of the issuance of this order.

VI. **RELATED RELIEF**

District courts may issue permanent injunctions in default judgment cases involving trademark infringement, and such orders are "typically granted in situations involving unlawful infringement." See, e.g., *Priority Records, LLC v. Bradley*, No. 06-cv-15002, 2007 WL 465754, at *1 (E.D. Mich. Feb. 8, 2007) (internal citation omitted). In this jurisdiction, a court need only find that a defendant is liable for infringement or unfair competition for it to award injunctive relief. *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1056 (6th Cir. 1999). This court finds that HBI is entitled to the injunctive relief requested in its

complaint and corresponding motion.

The court hereby **ORDERS**:

The Non-Responding Defendants, defined to include: Long Zhu; ANNY; Wish SellerBlueskywhitecloud; Wish Seller Dramyyeard; Cheng Jeng; Wish Seller Aygxyyouth0108; Wish Seller Czyouth0201; Wish Seller Dhyyouth0116; Wish Seller Czyouth0222; Cheng Jing Ikai 00098; Wish Seller Canapeloo; Chenjianying1; Eric Jiang; Wish Seller LuohuanQiao; Wish Seller Stfmuk72; Fei Jun; Wish Seller Baodanfu; Wish Seller Jakwang; Feng Jian Beng; Wish Seller 2016 Christmas Store; Wish Seller Aygxyyouth0106; Wish Seller GSLS; Wish Seller Chenyuqing; Wish Seller Lancy Cui; Wish Seller Wangqianqia; Qiancheng; Wish Seller Dengweini1213@163.com; Tokik Post; Wish Seller 000ooo000; ZhouguoQing; Wish Seller Czyouth0212; Wish Seller Dhyyouth0124; Wish Seller Dhyyouth0101; Wish Seller Ysfdgfewlove; and Wish Seller Zfyyouth0104; and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are forever enjoined and restrained from, directly or indirectly, anywhere in the world:

- A. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any counterfeit or infringing

9

RAW® brand rolling paper products, including but not limited to RAW® Cones, and RAW® CC, or any rolling papers, rolling trays, or other smoking products or accessories, or RAW-brand Lifestyle Products bearing:

    i. Infringing or counterfeit versions of the RAW® Trademarks[1], or the RAW® Trade Dress[2], which devices appear alone or in combination on all authentic boxes and packs of RAW® rolling papers, including RAW® Cones, RAW® CC, and RAW-brand Lifestyle Products, distributed by HBI in the United States; or

---

[1] Defined as the marks of U.S. Registration Nos. 2,989,221 (RAW (word mark)); 4,412,202 (RAW (Word Mark)); 4,325,822 (RAW ARTESANO (word mark)); and 4,647,824 (RAW ORGANIC HEMP AUTHENTIC PUREST NATURAL HEMP FIBERS UNREFINED RAY NATURAL UNREFINED HEMP ROLLING PAPERS (design mark)).

[2] Defined as the distinctive design elements comprising the overall look and feel of RAW® rolling paper packaging (boxes and packets), including at least the following: (i) on the box, the use of the colors red, brown, and tan; one or more of the RAW® Trademarks; the term "RAW," depicted in large, red, stylized font, set at an angle in the center of the packaging design and having a piece of twine wrapped about the same; to the right of the term "RAW," a description of the paper size and variety, depicted in red font/coloring with a red outline about the same; to the left of the term "RAW," a brown-tone circular element with a lighter colored center, containing the terms "AUTHENTIC" and "UNREFINED" in tan font within the brown-tone outer ring, and either the term "PUREST NATURAL FIBERS" (on the Classic variety) or the term "PUREST NATURAL HEMP FIBERS" (on the Organic variety) in brown font within the ring's center; above the term "RAW," either the term "CLASSIC" or "ORGANIC HEMP" inside a brown rectangle that exposes the underlying tan color for the letters; below the term "RAW," the term "NATURAL UNREFINED ROLLING PAPERS" (on the Classic variety) or the term "NATURAL UNREFINED HEMP ROLLING PAPERS" (on the Organic variety) in brown font; overlaying the aforementioned design elements, a raster image (i.e., photograph) of twine in brown and tan coloring, crossing the packaging vertically and horizontally, with a knot in the center of the packaging design; (ii) on the outer RAW® Cone packaging the foregoing design elements on a tapered cone-shaped package that is wider at the top than at the bottom; and (iii) inside the packs (RAW® CC Rolling Papers): (a) the trademark/slogan "THE NATURAL WAY TO ROLL"; (b) the hashtag "#RAWLIFE"; (c) the website address WWW.RAWTHENTIC.COM; and (d) the wording "NATURAL GUM PLEASE MOISTEN GENTLY" in light tan font, set at an angle within a darker tan banner", and Registered U.S. Trademark Numbers 3422929, and 4647824.

    ii. The false statement that such products are distributed by HBI or otherwise under HBI's control or supervision, or are "Made in Alcoy, Spain," when they are not;

B. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any purported HBI or RAW-brand products that are not actually produced, imported, or distributed under HBI's control or supervision, or approved for sale in the United States by HBI in connection with the RAW® Trademarks, or RAW® Trade Dress;

C. Committing acts calculated to cause purchasers to believe that counterfeit or infringing RAW® brand products, including counterfeit RAW® CC and/or RAW® Cones, originate with HBI when they do not;

D. In any way infringing or damaging the RAW® Trademarks and/or RAW® Trade Dress, or the value or goodwill associated therewith;

E. Attempting, causing, or assisting in any of the above-described acts, including but not limited to, enabling others in the above-described acts or passing on information to allow them to do so;

F. Destroying, altering, deleting, or otherwise disposing of any documents, records, or electronically stored information concerning the manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising,

marketing, promoting, offering to sell, selling, or other distribution or disposal of any product that has been, or is intended to be, sold in packaging containing, displaying, or bearing the RAW® Trademarks, and/or RAW® Trade Dress; and

G. Forming or causing to be formed any corporation or other entity that engages in the above-described acts.

**IT IS FURTHER ORDERED** that violation of any or all of the foregoing provisions shall be punishable by contempt of court, and such other, further relief this court deems just and proper.

Dated: December 31, 2021

s/Stephanie Dawkins Davis
Hon. Stephanie Dawkins Davis
United States District Court Judge