UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BBK TOBACCO & FOODS LLP,
D.B.A. HBI INTERNATIONAL,

        Plaintiff,

v.

WISH SELLER GOOSHELLY, et al.,

        Defendants.
_____/

Case No. 2:20-cv-10025

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AND RELATED RELIEF [92]**

Plaintiff sued forty Defendants. ECF 1. The Court granted Plaintiff's motion for default judgment as to thirty-five of the Defendants who were served but did not answer the complaint. ECF 89; 90. Plaintiff then moved for default judgment and requested a permanent injunction against the five remaining non-responding Defendants[1] under Federal Rule of Civil Procedure 65 and the Lanham Act, 15 U.S.C. § 1116. ECF 92. For the following reasons, the Court will grant Plaintiff's motion.

### BACKGROUND

In the interest of judicial economy, the Court will incorporate the earlier order's background section. ECF 89, PgID 2678–80. The Court will add the following.

---

[1] The Remaining Non-Responding Defendants include: (1) Wish Seller Gooshelly; (2) Wish Seller Flying You Heart; (3) Wish Seller Yuncheng County Honsheng Landscaping Co., Ltd.; (4) Wish Seller ZhechengxianhongshengyuanlinlvhuayouxiangongsI; and (5) Wish Seller Liyuntong.

1

The Court granted Plaintiff's motion for default judgment as to the original thirty-five non-responding Defendants and granted Plaintiff leave to file a motion as to the five remaining Defendants. ECF 89. Plaintiff then filed the present default judgment motion as to the five remaining Defendants. ECF 92.

## LEGAL STANDARD

In the interest of judicial economy, the Court will incorporate the legal standard section of the earlier order. ECF 89, PgID 2680–81.

## DISCUSSION

The Clerk of the Court entered the five remaining Defendants in default and thus all Plaintiff's well-pleaded allegations are considered admitted as by Defendants. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). Plaintiff's claims are well pleaded, and Plaintiff has established the elements of all its claims with uncontested fact. Thus, Plaintiff has a right to default judgment on all counts. At issue is whether Plaintiff has proven the amount of damages it has requested. For the same reasons stated in ECF 89, Plaintiff has met its burden. The Court will therefore incorporate by reference both the statutory damages section and the attorneys' fees section of its prior order. *Id.* at 2681–83.

Given the evidence presented in the complaint, associated declarations, and the present motion, the requested damage amount is a just award. And the Court will permit Plaintiff to recover appropriate fees against the remaining non-responding Defendants just as the Court has permitted appropriate fees against the original thirty-five non-responding Defendants. *See id.* at 2683.

2

## RELATED RELIEF

For the same reasons stated in the earlier order, ECF 89, PgID 2684–85, Plaintiff is entitled to the injunctive relief requested in its complaint and corresponding motion as to the remaining five non-responding Defendants. Thus, the Court will incorporate the related relief section from that order. *Id.* at 2684–88. The Court grants Plaintiff the same injunctive relief as to: (1) Wish Seller Gooshelly; (2) Wish Seller Flying You Heart; (3) Wish Seller Yuncheng County Honsheng Landscaping Co., Ltd.; (4) Wish Seller Zhechengxianhongshengyuanlinlvhuayouxiangongsl; and (5) Wish Seller Liyuntong; and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, who receive actual notice of this order by personal service or otherwise.

## CONCLUSION

In sum, the Court will grant Plaintiff's motion for default judgment and related relief. Plaintiff is therefore entitled to its proposed statutory damages of $10,000 per remaining non-responding Defendant listed above, and to its reasonably attorneys' fees, costs, and investigative fees, in an amount to be determined via affidavit from Plaintiff's counsel. And the Court will grant Plaintiff's proposed related relief, in the form of a permanent injunction, as described in ECF 89, PgID 2684–88.

The Court will also grant Plaintiff's request to continue alternative service in accordance with the Court's order, ECF 18. The Court will order Plaintiff to serve a copy of this order and associated judgment on Defendants by email no later than

seven days of the issuance of this order. Because the Court has entered a default judgment against all remaining Defendants in the case, the Court will order the Clerk of the Court to close the case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the above-listed non-responding Defendants are **FOREVER ENJOINED** and **RESTRAINED** in the same manner as in the Court's earlier judgment against thirty-five Defendants, ECF 89, 2684–88.

**IT IS FURTHER ORDERED** that violation of any or all the foregoing provisions will be punishable by contempt of Court, and such other, further relief the Court deems just and proper.

**IT IS FURTHER ORDERED** that the motion for default judgment [92] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must **SERVE** a copy of this order and associated Judgment on Defendants by email **no later than seven days** of the issuance of this order.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: June 23, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 23, 2022, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager